UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

   -vs-                                                    Case No. 1:25-cr-00327-JB

**DANIEL LOPEZ,**

        **Defendant.**

## ORDER DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

**THIS MATTER** is before the Court on defendant Daniel Lopez's Motion for Release from Custody, filed on June 19, 2025. Doc. 25. The United States opposes Mr. Lopez's motion. Doc. 28. For the following reasons, the Court DENIES the motion.

On February 25, 2025, a federal grand jury returned an indictment against Mr. Lopez charging him with conspiracy to distribute fentanyl and distribution of 400 grams or more of fentanyl. *See* Doc. 25 at 1, ¶ 1. At his detention hearing, Mr. Lopez waived his right to contest his detention even though Pretrial Services recommended his release to the La Pasada Halfway House. *See* Docs. 11, 19. In his waiver, Mr. Lopez stated that he understood "that under 18 U.S.C. § 3142(f), [he] may ask the Court to reopen [his] detention hearing at any time before trial if information exists that is not known to [him] today and that has a material bearing on whether there are conditions of release that will reasonably assure [his] appearance as required and the safety of any other person and the community." Doc. 19. The Court ordered Mr. Lopez detained because he had not rebutted the presumption of detention based on the nature of the charges he is facing. Doc. 17 at 2.

Mr. Lopez now asks the Court to release him because he is 26, a lifelong resident of Albuquerque, has lived with his mother and sister for years, and has maintained employment as a young adult. *See* Doc. 25 at 5. He also notes his limited criminal history, and that the state Young Adult Court continues to be willing to work with him should he be released from federal custody. *Id*. The United States argues that the Court should deny Mr. Lopez's motion without a hearing because the factors under 18 U.S.C. § 3142(g) weigh in favor of detention. Doc. 28 at 4–7. The Court finds that Mr. Lopez has not submitted sufficient information for the Court either to reconsider its original detention order or to reopen the detention hearing. It therefore denies the motion.

First, Mr. Lopez has not given the Court a reason to reconsider its original detention order. A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011). Mr. Lopez has made no argument that the Court misapprehended anything at the original detention hearing, or that the Court clearly erred in detaining Mr. Lopez, or that release is required to prevent manifest injustice. *See* Doc. 25.

Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Lopez] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Here, the only arguably new information is

that the state Young Adult Court still is holding Mr. Lopez's sentencing in abeyance despite his arrest on the federal charges.  The government's recitation of the facts that led to Mr. Lopez's arrest, however, raises doubts as to the wisdom of the New Mexico State Court's willingness to continue to work with Mr. Lopez despite his apparent distribution of thousands of fentanyl pills while he was in possession of a loaded firearm.  All the other information about Mr. Lopez—his strong ties to the community, his employment, and his limited criminal history—were all known to Mr. Lopez at his detention hearing in March and is not new information.  Mr. Lopez has not submitted sufficient new information for the Court to reopen the detention hearing.

**IT IS THEREFORE ORDERED** that defendant Daniel Lopez's Motion for Release from Custody (Doc. 25) is denied.

DATED this 8th day of July 2025

_____
Laura Fashing
United States Magistrate Judge